HARRY F. FARMER, Respondent, v. SCHENECTADY RAILWAY COMPANY, Appellant. — Appeal by the defendant from a judgment of the Supreme Court, entered in the office of the Clerk of the County of Schenectady on the 2d day of February, 1950, and from an order entered therein on the 2d day of February, 1950, denying defendant's motion to set aside the verdict of the jury and for a new trial. Plaintiff has had a jury verdict of $15,000 for personal injuries sustained in a collision between an automobile operated by the plaintiff and a bus owned and operated by the defendant. From the judgment entered upon such verdict defendant appeals. Negligence upon the part of the defendant was conceded on the argument of this appeal. The defendant contends that the plaintiff was guilty of contributory negligence as a matter of law, and that the verdict was excessive. Only these two questions are involved on this appeal. The plaintiff was proceeding north on McClellan Street in the city of Schenectady, New York. Defendant's garage for storage of its busses and private areaway connected therewith, were on the east side of McClellan Street. Defendant's bus was attempting to emerge from this private areaway and to make a left turn to proceed south on McClellan Street. It is without dispute that the bus did not come to a full stop before emerging from this private areaway into the public street, as required by statute, and there is evidence indicating that the bus struck the plaintiff's car at a point just to the rear of the right front fender. The evidence clearly creates a question of fact as to the plaintiff's contributory negligence and sustains a finding by the jury that the plaintiff was free from contributory negligence. Plaintiff was forty-seven years of age at the time of the accident. The impact threw him to a position under the cowl of his car and rendered him unconscious. He sustained cuts on the head in four or

five places from which glass had to be removed, a fractured rib, a severe injury to the neck and to the right hip. While plaintiff was under treatment for arthritis from 1929 to 1943, there is undisputed medical testimony that this condition was arrested in 1943. Thereafter plaintiff underwent no treatment, was active, able to work, play golf and bowl. The medical testimony is likewise undisputed that the accident caused a marked aggravation of his arthritic condition amounting to 25% and resulting in severe pain and inability to engage in any of the activities mentioned. Upon this evidence the verdict cannot be said to be excessive. Judgment and order unanimously affirmed, with costs. Present — Heffernan, J. P., Brewster, Deyo, Bergan and Coon, JJ.